MINUTE ENTRY
ROBY, M. J.
June 8, 2009

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **200 SOUTH BROAD STREET, INC., ET. AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  07-9237 c/w** |
| | **07-9238** |
| **ALLSTATE INSURANCE COMPANY** | **SECTION: "C" (4)** |

<u>**ORDER**</u>

Before the Court is a **Motion for Expedited Consideration of Motion To Quash Subpoena and Deposition (R. Doc. 47)**, filed by the Plaintiffs, 200 Broad St. Inc., and/or 200 S. Broad St., LLC ("Broad Street"), seeking an Expedited Order from the Court precluding the depositions of certain witnesses. Also before the Court is a **Motion to Quash Subpoena and Depositions (R. Doc. 46).** The Defendant, Allstate Insurance Company ("Allstate") opposes the motion. (R. Doc. 48). The Court granted expedited review and heard the motion via teleconference on Monday, June 8, 2009. Accordingly, the Court considers the merits of the motion below.

**I.   Background**

Broad Street filed suit against its commercial insurance provider, Allstate, which provides wind and flood coverage for its commercial building, personal property contents, and other

MJSTAR: 00:23

structures on its building. (R. Doc. 1-3, Pet. ¶ II.) Broad Street operated an eye clinic and an internal medicine medical office in Orleans Parish at 200 South Broad Street, New Orleans, Louisiana. On August 29, 2005, Broad Street's commercial building sustained damages as a result of the flooding that resulted from the level failure along the 17th Street Canal after Hurricane Katrina. (R. Doc. 1-3, Pet. ¶¶ VII-X, XXIII.) Broad Street seeks bad faith damages for the total loss of the commercial building. (R. Doc. 1-3, Pet. ¶ XXVI.)

On June 8, 2009, Broad Street filed an expedited motion, seeking relief from Notices of Deposition and subpoenas which purportedly had been served upon its experts for depositions scheduled to take place on June 10 and 11, 2009, respectively. (*See generally* R. Doc. 46.) Upon consideration of the belatedness of the notice provided to counsel for Broad Street, the undersigned granted expedited relief, and a telephone hearing took place during the early evening of June 8th. Participating in the conference were: Michael C. Darnell and Bruce L. Feingerts on behalf of Broad Street and Monica Gant Moton on behalf of Allstate.

During the hearing, Mr. Darnell advised the Court that, although he received only one subpoena, he has spoken with his other expert witnesses who complained of having also received a subpoena for depositions scheduled to take place over the next few days. Darnell contends that, while he has not been provided with copies of the Notices or subpoenas which were issued to each of his experts, he seeks to quash the unilaterally set depositions of Larry Townsend, James Greer, Jim and/or Don Kotter, and Ralph Litolff. According to Darnell, the discovery deadline expired on May 18, 2009; therefore, these deposition Notices and/or subpoenas are untimely and should be quashed.

Ms. Moton responded, explaining that although she has had Broad Street's expert report

2

since September of 2008, on May 13, 2009, she conducted a telephone conference with opposing counsel and requested an extension of time to notice the expert depositions. She contends that the depositions should be permitted because of the agreement to extend the deadline. However, she acknowledged that she does not possess any confirmation of an actual extension period by the parties. Moton nonetheless argued that she had received email confirmation of the extension and that the Court should enforce the extension.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rules specify that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. Amer. Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 45 governs the issuance of subpoenas, and provides that on timely motion, the issuing court must quash or modify a subpoena if it requires disclosure of privileged or other protected matter, or otherwise subjects the subpoenaed person to undue burden. Fed.R.Civ.P. 45(c)(3). Additionally, parties or attorneys who issue and serve a subpoena "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." Fed.R.Civ.P.

3

45(c)(1). Furthermore, the Rule 45(c)(1) provides that the "issuing court must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply." *Id.*

A motion to quash or modify a subpoena under Rule 45(c)(3) may ordinarily be made by the person to whom the subpoena is directed because only that person has standing to attack the subpoena. *Kiger v. Plaisance Dragline,* Civ. A. 04-3453, 2006 WL 3228289, at * 1 (E.D.La. Nov.2, 2006) (Roby, J.). However, a party, though not the person to whom a subpoena is directed and not in possession or control of the requested materials, does have standing if he or she has a personal right or privilege in respect to the subject matter of the subpoena or a sufficient interest in it. *Id*

## III. <u>Analysis</u>

Counsel for Broad Street contends that he received a telephone call from his expert, Don Kotter of Supreme Commercial Contracting, who forwarded by facsimile a copy of the subpoena setting his deposition. The subpoena was issued on June 5, 2009, setting his deposition for June 10, 2009 at 400 Poydras Street, Suite 1320, New Orleans, Louisiana. Ultimately, counsel argues that the deposition should be quashed. Counsel also contends that, while he has not received copies of the Notices and/or subpoenas of Broad Street's other experts, each of the experts were subpoenaed by Allstate after the established discovery deadline. Broad Street therefore seeks to quash the unilaterally set depositions of Larry Townsend, James Greer, Jim and/or Don Kotter, and Ralph Litolff.

Allstate concedes that it has had Broad Street's expert report since September of 2008. However, it contends that Broad Street agreed to extend the May 18, 2009 discovery deposition during a May 13, 2009 telephone conference. It insists that the extension which was agreed to by

4

counsel was confirmed by email. Therefore, Allstate argues that the depositions should be permitted to proceed as scheduled.

The Scheduling Order (R. Doc. 34) expressly provides that "depositions for trial use shall be taken and all discovery shall be completed not later than Tuesday, May 19, 2009." Allstate acknowledges that it received the expert reports for at least two of Broad Street's experts in the Fall of 2008. (R. Doc. 48, p. 1.) Allstate contends, however, that it provided Broad Street with an extension of time to file its economic expert report and that the report was submitted on April 27, 2009, rather than on March 20, 2009. (R. Doc. 48, pp. 1-2.) It suggests that Broad Street reciprocally granted an extension for Allstate to depose its experts. (R. Doc. 48, p. 2.) However, counsel for Allstate failed to attach any evidence in support of its assertion that an agreement to extend the deposition deadline was reached for the Court's review. Moreover, Allstate does not dispute that it intends to depose Larry Townsend, James Greer, Jim and/or Don Kotter and Ralph Litolff.[1]

Counsel for Broad Street vehemently contest the suggestion that they granted an extension to counsel for Allstate to depose Broad Street's experts. In fact, they indicate that they never reached any such agreement. To bolster their position, counsel for Broad Street point to the proximity of the Pretrial Conference in this matter and further argue that they have begun preparing for trial.

The Court finds that Allstate failed to timely seek their depositions. Furthermore, even after receiving the economic expert report in late April, Allstate failed to set the depositions for any of

---

[1] The Court notes that it has not been provided with each of the disputed subpoenas and/or Notices of Deposition for Broad Street's experts. The only subpoena that has been provided is for Don Kotter. (*See* R. Doc. 46-3, Subpoena for Don Kotter,

Broad Street's experts. To the extent that counsel for Allstate contends that she tried to schedule the depositions and that counsel for Broad Street did not cooperate, the Court emphasizes that Allstate neglected to file a Motion to Compel those depositions. Therefore, the Court grants Broad Street's motion and finds that the depositions of Larry Townsend, James Greer, Jim and/or Don Kotter, and Ralph Litolff are quashed.

## IV. Conclusion

Accordingly,

**IT IS ORDERED THAT** the **Motion for Expedited Consideration of Motion to Quash Subpoena and Deposition (R. Doc. 47)** is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Quash Subpoena and Deposition (R. Doc. 46)** is hereby **GRANTED.**

New Orleans, Louisiana, this 11th day of June 2009

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**