# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 200 SOUTH BROAD STREET, INC. ET AL | CIVIL ACTION |
| VERSUS | 07-9237 |
| ALLSTATE INSURANCE COMPANY | SECTION "C" (4) |

## ORDER AND REASONS

Before the Court are the following motions filed by defendant: 1) Motion *in Limine* to Exclude James Greer as an Expert Witness (Rec. Doc. 43); 2) Motion *in Limine* to Exclude Cost of Repairing the Building at 200 South Broad Street (Rec. Doc. 44); 3) Motion *in Limine* to Exclude Other Claims (Rec. Doc. 58); and 4) Motion *in Limine* to Exclude Evidence of Inapplicable Coverages and Coverage Limits Under Plaintiffs 200 S. Broad and Medley/McKenna's Respective Policies (Rec. Doc. 70). Plaintiff opposes all of the motions. Based on the record, the arguments of counsel and the applicable law, the Court finds as follows.

**1) Motion in Limine to Exclude James Greer as an Expert Witness (Rec. Doc. 43);**

Defendant moves to exclude James Greer as an expert witness on the basis that "he does not have the experience to qualify as an expert in the area for which he is proffered and because his opinions do not exhibit the indicia of reliability" required under the Federal Rules of Evidence. (Rec. Doc. 43.) Federal Rule 702 governs the admissibility of expert testimony and reports.

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) establishes a two-part test for the admissibility of expert opinion. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. "Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990).

Defendant argues that Mr. Greer's testimony will not assist the trier of fact because whether or not Allstate acted in good faith is a question primarily of fact under Louisiana statute. (Rec. Doc. 43-2.) Courts in this district are split regarding whether expert testimony on industry standards of an insurance company's adjustment of a claim is admissible. *See Huey v. SuperFresh/ Sav-A-Center, Inc.*, 2009 WL 604914 (E.D.La. 2009)(Africk, J.)(allowing testimony where claim more complex than typical homeowner's claim); *but see Marketfare Annunciation, LLC v. United Fire & Cas. Co.*, 2008 WL 1924242 (E.D.La. 2008.)(Barbier, J.)(concluding that claim is not complex and therefore testimony not helpful.) The claims at issue in this case lie in

2

the gray area between these two cases. On the one hand, this case concerns two separate business policies, which may prove more complex than a typical homeowner case. On the other, this case does not involve multiple payees or claims. The Court finds that Mr. Greer's testimony would be helpful. However, Mr. Greer may not testify as to whether the defendant's behavior constituted bad faith nor draw any legal conclusions whatsoever as to the defendant's conduct. Defendant's motion is therefore PARTIALLY GRANTED and PARTIALLY DENIED.

**2) Motion in Limine to Exclude Cost of Repairing the Building at 200 South Broad Street (Rec. Doc. 44)**

Defendant seeks to exclude the cost of repairing the building under Federal Rule of Evidence 403, which states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Under the terms of the insurance policy, defendant argues an insured can only recover the property's actual cash value up to the policy limits if the insured fails to make any repairs to the damaged property. (Rec. Doc. 44.) Defendant claims plaintiff sold the property in March 2008 and that no repairs had been conducted prior to sale. (Rec. Doc. 44-2 at 3.) As such, defendant claims any evidence of repair costs is a) irrelevant and b) prejudicial since it may "mislead the jury into believing that Allstate is obligated to settle the claim based on the cost of repairs."

Plaintiff claims that the evidence is probative as to the amount of damages due and of

3

plaintiff's claims for bad faith. Plaintiff's expert Jim Kotter estimated approximately $938,500 to repair the structure from wind and rainwater intrusion damages. (Rec. Doc. 56 at 3.) Defendant paid $1,790 in wind damage following the initial adjustment. (Id.) Last, plaintiff claims that Allstate had acted in good faith, plaintiff may not have been "forced to sell the property." (Rec. Doc. 56.)

Regarding the amount of damages due, the insurance policy governing this claim was written on a replacement cost basis. (Rec. Doc. 44-3 at 2.) The conditions of coverage for the building's structure states "[w]e will not pay more than the actual cash value of the damage until the repair or replacement is completed." (Rec. Doc. 44-3 at 27.) Plaintiffs do not contest that no repairs were made. Nor was the property apparently replaced. Rather it was sold "as is." Considering that cash value is all that is called for under these circumstances under the policy, repair costs are irrelevant to this issue.

Regarding plaintiff's claim of defendant's bad faith, the Court finds the repair estimate relevant and probative. Plaintiff must prove that "the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause" to establish a claim for bad faith under LSA R.S. 22:658 and 22:1220. *Sher v. Lafayette Ins. Co.* 2008 WL 928486, 17(La.), 2007-2441 (La.4/8/08), 26 (La.,2008). "The Louisiana phrase, 'arbitrary, capricious, or without probable cause,' is synonymous with 'vexatious.' Both describe an insurer whose willful refusal of a claim is not based on a good faith defense." *La. Maint. Serv. Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250 (La.1993), *citing Phillip Rosamond Drill. Co., Inc. v. St. Paul F. & M.I. Co.*, 305 So.2d 630

4

(La.App. 2nd Cir.1974.). The difference between plaintiff's estimate of repair and the defendant's initial adjustment is relevant and probative for the jury's determination of whether defendant acted in bad faith.

Therefore, defendant's motion is GRANTED as to the relevancy of repair cost versus actual cash value, and is DENIED as to plaintiff's claim of bad faith.

**3) Motion *in Limine* to Exclude Other Claims (Rec. Doc. 58);**

Defendant moves for an order excluding any evidence or testimony relating to "other claims and their adjustment." (Rec. Doc. 58.) Defendant does not cite any particular evidence listed in the pre-trial order or provided to this Court in benchbooks, but rather seeks a general order of preclusion. Plaintiff opposes the motion as unnecessarily overbroad and non-specific. As the requested order is simply too broad, the Court DENIES defendant's motion. The parties are reminded, however, that any evidence and testimony at trial must be relevant to the claims at issue in this particular civil action.

**4) Motion *in Limine* to Exclude Evidence of Inapplicable Coverages and Coverage Limits Under Plaintiffs 200 S. Broad and Medley/McKenna's Respective Policies (Rec. Doc. 70)**

Defendant seeks a general order limiting each party to evidence relating to their specific policy.[1] This is a consolidated matter concerning 1) the claim by plaintiff 200 S. Broad Street, a

---

[1] Defendant seeks to "preclude Plaintiff 200 S. Broad from referring to, or seeking the admission in evidence of, testimony or documents related to coverages and coverage limits appearing [in] the Medley/McKenna policy" and to "preclude Plaintiffs Medley/McKenna from

Louisiana LLC, for damages under its policy with defendant Allstate and 2) the claim by plaintiffs Medley & McKenna Eye Clinic, a Louisiana partnership, Dr. Jerome Medley and Dr. Warren McKenna, Jr. for damages under their policy with defendant Allstate.  Defendant claims that the 200 S. Broad policy covered structural damage and contents loss, but not loss of income and that the Medley/McKenna policy covered contents loss and loss of income, but not structural damage.  Defendant argues that to allow each party to introduce evidence related to the other's claim and coverages would be prejudicial.  Plaintiff argues that the Medley/McKenna policy did cover structural damage regarding "tenant improvements" but does not contest the general proposition that each party is limited to presentation of evidence regarding its own specific claims.

Defendant's motion appears to implicitly seek summary judgment on the scope of coverage for each plaintiff and as such, is not allowed under the scheduling order governing this case.  Therefore, the Court will not address in particular the contested matter of whether or not tenant improvements may be considered structural damage and therefore relevant to the Medley/McKenna claim.  Instead, the Court finds that as plaintiffs have a made a claim for tenant improvements, evidence relating to those improvements would be relevant and probative for jury consideration.  At the same time, the plaintiffs are cautioned that as a general rule, each of the plaintiffs is limited to the introduction of evidence concerning their own policy and coverages but the Court declines defendant's invitation to summarily limit or define the scope of

---

referring to, or seeking the admission in evidence of, testimony or documents related to coverages and coverage limits appearing in the 200 S. Broad policy." (Rec. Doc. 70-2.)

those policies at this stage of the proceedings. In accordance with the above reasoning, the Court GRANTS defendant's motion to limit each party to introducing evidence related to its specific insurance policy.

III. CONCLUSION

Accordingly,

**IT IS ORDERED that defendant's Motion *in Limine* to Exclude James Greer as an Expert Witness (Rec. Doc. 43) is PARTIALLY GRANTED and PARTIALLY DENIED; defendant's Motion *in Limine* to Exclude Cost of Repairing the Building at 200 South Broad Street (Rec. Doc. 44) is GRANTED as to the relevancy of repair costs to actual cash value and DENIED as to plaintiff's claim of bad faith; defendant's Motion *in Limine* to Exclude Other Claims (Rec. Doc. 58) is DENIED; and defendant's Motion *in Limine* to Exclude Evidence of Inapplicable Coverages and Coverage Limits Under Plaintiffs 200 S. Broad and Medley/McKenna's Respective Policies is GRANTED (Rec. Doc. 70).**

New Orleans, Louisiana this 7th day of July, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE